# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:98CR00071-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JAMES REECE FIELDS**, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

James Reece Fields, previously sentenced by this court following conviction by a jury of five counts of illegal possession of a firearm, 18 U.S.C. § 922(g), has filed a motion under 28 U.S.C. § 2255, contending that his sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is invalid. For the reasons that follow, I will deny the motion.

I.

At his sentencing on January 31, 2000, Fields was found by the court to be an armed career criminal pursuant to the ACCA. The ACCA provides that a person convicted of a violation of § 922(g), who "has three previous convictions by any

court . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

As shown by the probation officer's Presentence Investigation Report ("PSR"), Fields, who was 58 years old at the time of sentencing, had been previously convicted of 59 separate Virginia felony burglaries in three different Virginia counties between 1967 and 1981, as well as one North Carolina felony burglary, and Virginia unlawful wounding, abduction, and robbery felony offenses. He had also been convicted of numerous other crimes, including a 1982 conviction in federal court for being a felon in possession of a firearm. These convictions resulted in his being in either state or federal custody between 1981 and 1994.

No objection was made to the probation officer's recommendation in the PSR that Fields be sentenced as an armed career criminal. His Sentencing Guideline range was determined to be 235 to 293 months and he was sentenced at the high end of that range.[1] Fields' appeal was unsuccessful. *United States v. Fields*, No. 00-4119, 2000 WL 1336483, at *1 (4th Cir. Sept. 15, 2000) (unpublished) (holding that evidence was sufficient for jury to convict).

---

[1] In the PSR, the probation officer suggested that in light of the fact that Fields had 118 more criminal history points than necessary to place him in the highest Criminal History Category, the court might consider an upward departure. (PSR ¶ 156.) However, the court rejected that suggestion "due to the defendant's age, and the sentencing guidelines are so high." (Sentencing Tr. 4, Jan. 31, 2000, ECF No. 35.)

Thereafter, on December 21, 2005, Fields filed a pro se § 2255 motion, which was denied as untimely. *Fields v. United States*, No. Civ.A.7:05-CV-00778, 2005 WL 3533432 (W.D. Va. Dec. 22, 2005).

On September 8, 2015, following *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Federal Public Defender for this district was appointed by the court to represent Fields in connection with a possible § 2255 motion. On May 19, 2016, the Federal Public Defender filed in the court of appeals an Application for Leave to File a Successive Motion on Fields' behalf, together with a proposed § 2255 motion. The court of appeals granted the application and transferred the § 2255 motion for filing in this court. *In re Fields,* No. 16-848 (4th Cir. June 13, 2016). The § 2255 motion asserts that Fields' Virginia burglary convictions and Virginia abduction conviction were invalid predicates for his ACCA sentence.

The government has filed a Motion to Dismiss the defendant's § 2255 motion. The issues have been fully briefed and are ripe for decision.[2]

---

[2] In deciding a § 2255 motion, the court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Neither party has requested an evidentiary hearing. I have thoroughly reviewed the motions, files, and records in this case and find that no such hearing is necessary.

– 3 –

II.

Prior to *Johnson*, the term "violent felony" was defined as

any crime punishable by imprisonment for a term exceeding one year . . . that —

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*. The force and enumerated crime clauses were untouched by *Johnson*. The holding in *Johnson* was made retroactive to cases on collateral review in a decision by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016).

I recently held that a Virginia burglary does not qualify as an enumerated offense because the Virginia statute is broader than the generic burglary of the enumerated crime clause and because the statute is not divisible, meaning that it

lists "multiple, alternative means of satisfying one (or more) of its elements." *United States v. Gambill*, No. 1:10CR00013, 2016 WL 5865057, at *2 (W.D. Va. Oct. 7, 2016) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). For the same reasons relied upon in *Gambill*, Fields argues that his Virginia burglary convictions are invalid as ACCA predicates. In addition, he contends that the Virginia abduction conviction no longer qualifies under the ACCA's force clause and thus is an invalid ACCA predicate.

In addition to contending that Virginia burglary and abduction offenses are valid predicates under the ACCA, the government argues that the *Johnson* holding applies only to the residual clause and Fields has not shown that any of his suspect convictions were treated at sentencing as falling under that clause. Since the movant in an § 2255 proceeding "must shoulder the burden of showing" constitutional error, *United States v. Frady*, 456 U.S. 152, 170 (1982), the government contends that *Johnson* does not apply to him. Accordingly, the government asserts that "[Fields'] motion does not meet the standard for a successive Section 2255 claim, does not raise a *Johnson* claim, and is time barred." (United States' Mot. to Dismiss 1, ECF No. 50.) In addition, the government contends that Fields' claim is defaulted, since it was not raised on direct review and Fields has not shown either cause or prejudice, or that he is actually innocent, in

– 5 –

order to overcome that default. Finally, the government contends that Fields' claim is moot, since he has other, unchallenged convictions serving as valid ACCA predicates.

### III.

I agree with the government that *Johnson* does not apply to Fields' case. Even though I found in *Gambill* that a Virginia burglary conviction is not a proper predicate under the enumerated crimes clause, relying on the later statutory constructions of the ACCA provided in *Mathis* and *Descamps v. United States*, 133 S. Ct. 2276 (2013), I did so without any reliance on *Johnson*.[3]

Section 2255 provides that a one-year limitation period is triggered by one of four conditions, whichever occurs the latest:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

---

[3] *Gambill*, 2016 WL 5865057, at *2 n.1.

– 6 –

> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Since *Johnson* does not apply to Fields, he cannot rely on clause (3) above. He did not file his motion within one year of the date his convictions became final, and thus his claim is barred. Moreover, I agree with the government that while the court of appeals' found a prima facie basis for approving a successive § 2255 motion, Fields has not made a case justifying such a second motion. Because Fields' motion thus fails, it is unnecessary for me to reach the government's other arguments.

IV.

For the reasons stated, the United States' Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255 (ECF No. 50) is GRANTED and the Motion to Vacate and Correct Illegal Sentence Under 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 43) is DENIED. The defendant's motion seeking release on bond (ECF No. 48) is DENIED.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the

claim presented in light of the applicable standard, I find that a certificate of appealability is not warranted and therefore is DENIED.

It is so **ORDERED**.

ENTER: November 1, 2016

/s/ JAMES P. JONES
United States District Judge