# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) Case No. 1:98CR00071<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **JAMES REECE FIELDS,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for the United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In connection with sentencing, the defendant in this criminal case has submitted objections to the calculation of the advisory Sentencing Guidelines range proposed by the probation officer. He contends that the probation officer's calculation misstates his Base Offense Level. The objections have been fully briefed and are ripe for decision. For the reasons stated below, I conclude that the calculation correctly states the defendant's Base Offense Level, and I will overrule the objections.

I.

The defendant, James Reece Fields (also referred to by the parties as James Reece Fields, Jr.) was sentenced by this court (Williams, J.) on January 31, 2000, to 293 months imprisonment after his conviction by a jury of five counts of being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). As shown by the Presentence Investigation Report ("PSR") prepared at the time, Fields, who was then 58 years old, had been previously convicted of 57 separate Virginia felony burglaries in four different Virginia localities between 1967 and 1982, as well as two North Carolina burglaries, and Virginia unlawful wounding, abduction, and robbery felony offenses. He had also been convicted of numerous other crimes, including a 1982 conviction in federal court for being a felon in possession of a firearm. These convictions resulted in his being in either state or federal custody between 1981 and 1994.

No objection was made to the probation officer's recommendation in the PSR that Fields be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). His Sentencing Guidelines range was determined to be 235 to 293 months and he was sentenced at the high end of that range. Fields' appeal was unsuccessful. *United States v. Fields*, No. 00-4119, 2000 WL 1336483, at *1 (4th Cir. Sept. 15, 2000) (unpublished) (holding that evidence was sufficient for jury to convict). Thereafter, Fields filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, which was dismissed as untimely. *Fields v. United States*, No. Civ.A.7:05-CV-00778, 2005 WL 3533432 (W.D. Va. Dec. 22, 2005).

On September 8, 2015, following *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Federal Public Defender for this district was appointed by the court to

represent Fields in connection with a possible § 2255 motion. On May 19, 2016, the Federal Public Defender filed in the court of appeals an Application for Leave to File a Successive Motion on Fields' behalf, together with a proposed § 2255 motion. The court of appeals granted the application and transferred the § 2255 motion for filing in this court. *In re Fields,* No. 16-848 (4th Cir. June 13, 2016). The § 2255 motion asserted that Fields' Virginia burglary convictions and Virginia abduction conviction were invalid predicates for his ACCA sentence.

Following briefing of the United States' Motion to Dismiss, I granted the motion and dismissed Fields' § 2255 motion, finding that it was barred by the applicable statute of limitations, 28 U.S.C. § 2255(f). Op. & Order, Nov. 2, 2016, ECF No. 56. Fields appealed and following decisions interpreting *Johnson* by the court of appeals, the United States moved the court of appeals to remand Fields' § 2255 motion for further proceedings by this court, asserting that it would now waive any procedural defenses and consent to the resentencing of Fields as a non-ACCA offender. The court of appeals granted the motion, *United States v. Fields*, No. 16-7560 (4th Cir. Nov. 13, 2017), and I then granted Fields' § 2255 motion, vacating his prior sentence, subject to resentencing. Order, Nov. 20, 2017, ECF No. 82.

In preparation for Fields' resentencing, the probation office recalculated his Sentencing Guidelines range. Fields was scored with a Base Offense Level of 20,

pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4)(A) (2016), based on his prior Virginia conviction for robbery. Fields filed objections to this scoring, contending that Virginia common law robbery does not qualify as a crime of violence under USSG § 4B1.1(a), and that instead of Base Offense Level of 20, his Base Offense Level ought to be 14, pursuant to USSG § 2K2.1(a)(6)(A).[1] I disagree.

II.

The Sentencing Guidelines provide that when convicted of being a felon in possession of a firearm, USSG § 2K2.1 applies in order to determine the Base Offenses Level. It provides, in pertinent part, as follows:

>  **(a)** Base Offense Level (Apply the Greatest):
> . . . .
>    **(4)** 20, if—
>
>       **(A)** the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]

USSG § 2K2.1(a)(4)(A) (2016). A "crime of violence" is defined in USSG § 4B1.2. It provides that

>    **(a)** The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

---

[1] Fields does not object to his proposed Criminal History Category of VI.

4

>**(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>**(2)** is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a) (2016).

Fields contends that while "robbery" is specifically included in the definition of a crime of violence in § 4B1.2(a)(2), Virginia common law robbery is not a "generic" robbery within the meaning of the guideline, because it can be committed non-violently, such as by purse snatching.

The Fourth Circuit has recently illuminated the definition of generic robbery, when holding that a North Carolina felony conviction for common law robbery qualifies as a crime of violence under § 4B1.2(a)(2). *United States v. Gattis*, No. 16-4663, 2017 WL 6001522, at *4-6 (4th Cir. Dec. 4, 2017). The court noted that "when comparing a potential predicate offense to an enumerated crime, we must first ascertain the 'generally accepted contemporary meaning' of the enumerated crime." *Id.* at *4 (quoting *Taylor v. United States* 495 U.S. 575, 596 (1990)). Using this process, the Fourth Circuit held that generic robbery is properly defined as "the 'misappropriation of property under circumstances involving [immediate] danger to the person.'" *Id.* at *5 (quoting 3 Wayne R. LaFave, *Substantive*

*Criminal Law* § 20.3, at 173 (2d ed. 2003)). The court found that North Carolina common law robbery met this definition, and excluded purse-snatching types of crimes, where the only force involved was the removal of the property from the victim, rather than the use or threat of force towards the victim in order to obtain the property. *Id.* at *6.

As in North Carolina, Virginia common law robbery excludes force merely from the taking, as in the typical purse snatching case. Rather, it requires "force or intimidation *directed at the person of the victim*," *Winn v. Commonwealth,* 462 S.E.2d 911, 912 (Va. Ct. App. 1995) (internal quotation marks and citation omitted), as in generic robbery.

Based on the analysis and holding of *Gattis*, Fields' conviction qualifies as a predicate robbery, permitting the application of the disputed guideline.

III.

For the foregoing reasons, it is **ORDERED** that the defendant's objections are OVERRULED. I find that the defendant, absent any departure,[2] has a Total Offense Level of 22, with a Criminal History Category of VI, resulting in an advisory guideline range of 100 to 125 months imprisonment, a supervised release

---

[2] The United States has filed a Motion for Upward Departure and/or Variance, ECF No. 85, which I have not yet determined. The United States seeks a term of imprisonment of 293 months.

range of 1 to 3 years, and a fine range of $10,000 to $100,000.  He is also subject to a special assessment of $500.

                                    ENTER:  December 29, 2017

                                    /s/  James P. Jones
                                    United States District Judge