# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:98CR00071 |
| v. | **OPINION AND ORDER** |
| JAMES REECE FIELDS, | By: James P. Jones |
| Defendant. | United States District Judge |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a Motion for Reconsideration of the Order of this court denying his request for a full resentencing hearing, following a remand of the case by the court of appeals that directed that this court correct his sentence. For the reasons set forth herein, the motion will be denied.

I.

The defendant, James Reece Fields (also referred to as James Reece Fields, Jr.) was sentenced by this court (Williams, J.) on January 31, 2000, to 293 months imprisonment after his conviction by a jury of five counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). As shown by the Presentence Investigation Report ("PSR") prepared at the time, Fields, who was

then 58 years old, had been previously convicted of 57 separate Virginia felony burglaries in four different Virginia localities between 1967 and 1982, as well as two North Carolina burglaries, and Virginia unlawful wounding, abduction, and robbery felony offenses. He had also been convicted of numerous other crimes, including a 1982 conviction in federal court for being a felon in possession of a firearm. These convictions resulted in his being in either state or federal custody between 1981 and 1994.

No objection was made to the probation officer's recommendation in the PSR that Fields be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). His Sentencing Guidelines range was determined to be 235 to 293 months and he was sentenced at the high end of that range. Fields' appeal was unsuccessful. *United States v. Fields*, No. 00-4119, 2000 WL 1336483, at *1 (4th Cir. Sept. 15, 2000) (unpublished) (holding that evidence was sufficient for jury to convict). Thereafter, Fields filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, which was dismissed as untimely. *Fields v. United States*, No. Civ.A.7:05-CV-00778, 2005 WL 3533432 (W.D. Va. Dec. 22, 2005).

On September 8, 2015, following *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Federal Public Defender for this district was appointed by the court to represent Fields in connection with a possible § 2255 motion. On May 19, 2016, the Federal Public Defender filed in the court of appeals an Application for Leave

to File a Successive Motion on Fields' behalf, together with a proposed § 2255 motion. The court of appeals granted the application and transferred the § 2255 motion for filing in this court. *In re Fields,* No. 16-848 (4th Cir. June 13, 2016). The § 2255 motion asserted that Fields' Virginia burglary convictions and Virginia abduction conviction were invalid predicates for his ACCA sentence.

Following briefing of the United States' Motion to Dismiss, I granted the motion and dismissed Fields' § 2255 motion, finding that it was barred by the applicable statute of limitations, 28 U.S.C. § 2255(f). Op. & Order, Nov. 2, 2016, ECF No. 56. Fields appealed and following later decisions interpreting *Johnson* by the court of appeals, the United States moved the court of appeals to remand Fields' § 2255 motion for further proceedings by this court, asserting that it would now waive any procedural defenses and consent to the resentencing of Fields as a non-ACCA offender. The court of appeals granted the motion, *United States v. Fields*, No. 16-7560 (4th Cir. Nov. 13, 2017), and I then granted Fields' § 2255 motion, vacating his prior sentence, subject to resentencing. Order, Nov. 20, 2017, ECF No. 82.

In preparation for Fields' resentencing, the probation office prepared a written recalculation of his Sentencing Guidelines range. ECF No. 101. Fields was scored with a Base Offense Level of 20, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4)(A) (2016), based on his prior Virginia

conviction for robbery. Fields filed objections to this scoring, contending that Virginia common law robbery does not qualify as a crime of violence under USSG § 4B1.1(a), and that instead of Base Offense Level of 20, his Base Offense Level ought to be 14, pursuant to USSG § 2K2.1(a)(6)(A). In a written opinion, I overruled the defendant's objections. *Fields v. United States*, No. 1:98CR00071 2017 WL 6638208, at *3 (W.D. Va. Dec. 29, 2017).

The resentencing was held on January 9, 2018. Prior thereto, the government filed a motion seeking an upward departure or variance to Fields' prior sentence of 293 months, based on his extensive criminal history. Mot. 3, EFC No. 85. At the sentencing hearing, I determined that Fields now had a Total Offense Level of 22, with a Criminal History Category of VI, resulting in an advisory guideline range of 84 to 105 months imprisonment. Tr. 3, ECF No. 109. Counsel for Fields presented evidence as to the appropriate sentence, consisting of Fields' 38-page record from the Bureau of Prisons, which indicated his limited disciplinary record, his history of education programs, and his medical history, showing anticipated knee surgery. Defense counsel did not object to a sentence above the guideline range, but argued for one below the original sentence, stating:

> MR. BECK: Yes, Your Honor. Sentencing is always difficult in federal cases, especially with someone like Mr. Fields who does have a significant criminal history. With that said we have had a change in the guidelines. The guidelines now are significantly lower than at the time of sentencing. And we also do have some additional information about Mr. Fields that's not available in every case, namely

how he's adjusted in prison. He's adjusted well as Ms. Bockhorst said, as the BOP records say, and the federal case law including both the Pepper and Dean case would suggest that that kind of adjustment should count for something. And I would ask the Court to reduce the sentence from 293 months to nothing more than 240. I think if he gets 240, he'll go home soon. Thank you.

Tr. 10, ECF No. 109. After hearing allocution from the defendant, I stated my reasons for imposing the same sentence as originally imposed:

> The Government has asked for a upward departure and/or a variance, and its arguments are as set forth today and as elaborated upon in the motion that the Government filed in the case. It is argued on behalf of the defendant that while a sentence above the current guideline range might be appropriate, a sentence requested by the Government would not be based on the defendant's good history in prison. And I certainly considered that argument also.
>
> First, I do believe that an upward departure is appropriate in this case above the guideline range based on § 4A1.3 of the sentencing guidelines, which is entitled, "Adequacy of Criminal History Category." And of course prior notice of a possible departure on this ground has been given.
>
> And I wish to state my reasons for such an upward departure. The reliable evidence from the presentence report shows in my opinion that the defendant is unlikely to abide by the law. He has been involved with the law continuously at an early point in his life and has committed numerous crimes. In fact, he's committed so many that I'm not sure that there's an entire agreement in my earlier opinion and in the Government's motion of the number of crimes that he's actually committed. I've counted them again, and between the age of 18 and age 56 I count that he committed 106 separate crimes. This is over a 38-year period. And he received for these separate crimes, according to my calculations, at least 77 separate sentences. And this is in spite of the fact that he was incarcerated for a lengthy period of time. According to the presentence report he was incarcerated between 1981 and 1993. These crimes as the Government has pointed out to include, of course, both felonies and misdemeanors, but 58

burglary or breaking and entering offenses, numerous grand larceny offenses, two previous federal counts of being a felon in possession of a gun or guns, abduction and robbery in which he abducted a police officer at gun point. And according to my calculations, again, he has 128 criminal history points resulting from these prior convictions.

Under the sentencing guidelines it is permissible for the Court to depart above the calculated criminal history category and above the offense level where reliable information indicates that departure is appropriate. As the Ninth Circuit stated in United States versus Connelly, that's C-o-n-n-e-l-l-y, 156 F.3d 978, a 1998 case, the principal factors that can be applied in assessing a likelihood of recidivism are the quantity or repetitiveness of uncounted criminal conduct, the similarity of criminal conduct to the offense conduct, and the degree to which the defendant has been deterred by prior sentences. That statement referenced uncounted criminal conduct. And, again, in this case many of these points, 128 are counted, although there's a number which were not.

I find that considering the nature of the defendant's prior record, the custody range in this case underrepresents the seriousness of his criminal record, and an upward departure is warranted pursuit to the guidelines. For the purpose of an upward departure under the guidelines, the method is to add one offense level for every three of the criminal history points above 13 in order to determine a total offense level over Category VI that adequately reflects the seriousness of the defendant's prior criminal conduct. This method points to an offense level as the Government points out well above the range of the sentencing table which has a maximum, of course, of life imprisonment.

I have, however, considered each intervening offense level and find that the intervening level of 33 would adequately account for the defendant's past and his propensity for future criminality. And that level 33 has a range of 235 to 293 months imprisonment. It's true that the defendant as he points out and as is clear is now a much senior citizen than he was when he went into prison. Although, when he committed his last offense he was 56 years old, which is a mature individual. Aside from his osteoarthritis in his left knee, the defendant appears in good health according to the report from the

Bureau of Prisons. And I believe that he is capable of continuing to commit crimes.

The defendant received a very lengthy sentence when he was convicted and sentenced by Judge Williams back in 2000. But we can only think of the uncommitted crimes that have not been committed because of that lengthy sentence. The people who have been damaged and injured by his repeated break-ins to residences and his other crimes, all of those crimes were prevented because Mr. Fields was incarcerated. And I have no doubt in my mind that had he not been sentenced to such a lengthy sentence and served this lengthy period of time, he would have committed many other crimes. And instead of the 106, which I counted and, again, I may be off a few, there would be many more on his record.

In addition, I believe even if I did not upwardly depart under the guidelines or if there was any fault in my methodology in calculating an upward departure, I believe that a variance, an upward variance to the same sentence that he received before is appropriate essentially for the same reasons.

While it's true that Mr. Fields has not -- has not a terrible record in prison, all of us in this courtroom have seen worse histories of record in prison. He was convicted of an assault as recently as 2013. And, again, while he has engaged in programs which hopefully have helped him, it is very hard to overlook, in fact, impossible to overlook the history of his life and the harm that he caused throughout his life. And in spite of his more advanced age, Mr. Fields being one year younger than I, I believe that there is still the propensity for further criminal conduct, and I believe that a sentence that I imposed or that was imposed by Judge Williams originally is still appropriate today.

And accordingly, in addition to my finding of upward departure as an appropriate course, I also believe that even if I did not upwardly depart under the guidelines, I would vary to the same level and to the same sentence.

Tr. 11-16, ECF No. 109.

I then orally imposed a total sentence of 293 months imprisonment on the defendant. Unfortunately, I imposed concurrent terms of 293 months on each of the defendant's five counts of conviction, even though each had a maximum statutory term of imprisonment of ten years, or 120 months. No one in the courtroom brought this error to my attention and it was included in the Amended Judgment entered on January 9, 2018, ECF No. 98, to which no objection was made. Fields then noted an appeal.

Government counsel has explained that because of the press of other duties, she was unaware of the error until she began work on the government's brief in the court of appeals.[1] She then moved the court of appeals "to vacate the sentence in this case and remand to the district court to correct the sentence" so that this court might stack consecutive sentences to reach the total term of imprisonment of 293 months. Mot. to Remand 1, ECF No. 110-1. The court of appeals granted the motion, and "remand[ed] this case to the district court to correct the sentence." Order 1, No. 18-4030 (4th Cir. June 26, 2018), ECF No. 110.

Once the mandate of the court of appeals was issued on July 18, 2018, I entered an order directing the Clerk to prepare for entry an Amended Judgment,

---

[1] Defense counsel has not indicated that he was unaware of the error, although of course he did not bring it to the attention of the court either after the judgment was entered or within the 14 days following its entry when a clear error in sentencing may be corrected under Federal Rule of Criminal Procedure 35(a).

correcting the sentence by stacking the counts to arrive at the total sentence imposed. Order, July 20, 2018, ECF No. 113. In response, the defendant moved to vacate that Order, requesting that a new presentence report be prepared, along with a new sentencing hearing, "to hear reasons why, in the defense's view, a lower sentence is appropriate." Mot. to Vacate 2, ECF No. 114. I denied the motion, holding that

> The Order of the court of appeals remanded the case for the sole purpose of correcting the sentence. Under the mandate rule, the court has no power to conduct a new sentencing of the defendant. Even if the court had such power, it would not do so in its discretion. The court had adequate information concerning the defendant when he was resentenced on January 9, 2018, without a new presentenece report, and without objection by counsel for the defendant.

Min. Order, July 21, 2018, ECF No. 115.

The defendant then filed the present motion, seeking reconsideration of the Order denying the Motion to Vacate. The parties have briefed the Motion for Reconsideration, and it is ripe for decision.

II.

"[A]n inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Penn. R.R.*, 334 U.S. 304, 306 (1948). "Deviation from the mandate rule is permitted only in a few exceptional circumstances, which include (1) when controlling legal authority has changed dramatically; (2) when significant new evidence, not earlier obtainable in the

exercise of due diligence, has come to light; and (3) when a blatant error in the prior decision will, if uncorrected, result in a serious injustice." *Doe v. Chao*, 511 F.3d 461, 467 (4th Cir. 2007) (internal quotation marks and citations omitted). The court of appeals did not remand the case to me to reconsider the total sentence imposed on Fields, but to correct the clear error by which I imposed separate concurrent terms that exceeded their statutory maximums. I am prepared to obey the order of the court of appeals, but there are no exceptions to the mandate rule that would permit me to now impose a different total sentence. *See United States v. Sellers*, 701 F. App'x 232, 233 (4th Cir. 2017) (unpublished) (affirming that mandate rule precluded district court from conducting a full resentencing after a remand directing that the district court vacate the conviction and sentence as to only one count of multi-count judgment).[2]

Even were I to have the power to conduct a new sentencing, with a new presentence report, I would not do so. The defendant had a full opportunity to present evidence and argument at the sentencing held after his § 2255 motion was granted, and he did so. He has not suggested any new or difference arguments that

---

[2] The present case does not implicate the "sentencing package doctrine" whereby the total sentence is seen as a package and if only one part is vacated on appeal, the district court on remand is permitted to increase the sentences on other counts even though they were not vacated on the appeal. *See United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017). Nor does it implicate a situation in which the court of appeals vacated a sentence in its entirely and remanded for resentencing. *See United States v. Baker*, 601 F. App'x 231, 233 (4th Cir. 2015) (unpublished).

he might make that were not available at that time. While his counsel now claims on brief that he wants an "opportunity to raise *other* errors," Reply 1, ECF No. 119 (emphasis added), he does not indicate what those errors might be or why they were not raised before.[3]

III.

Accordingly, it is **ORDERED** that the Motion for Reconsideration, ECF No. 116, is DENIED.

ENTER: August 6, 2018

/s/ *James P. Jones*
United States District Judge

---

[3] The defendant also contends that the government agreed that it would not oppose a full resentencing upon remand. While the government does not oppose a full resentencing, it denies that it ever intended to indicate that a full resentencing was *required*. Resp. 3, ECF No. 118. In any event, it is not the parties' decision, but the court's.